NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3269

MATHEW B. TULLY,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Mathew B. Tully, of Niskayuna, New York, pro se.

Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel was Meghann Proie, Bureau of Prisons, United States Department of Justice, of Washington, DC.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3269

MATHEW B. TULLY,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

---

DECIDED:   November 8, 2007

---

Before RADER, SCHALL, and MOORE, Circuit Judges.

PER CURIAM.

## DECISION

Mathew B. Tully petitions for review of the final decision of the Merit Systems Protection Board ("Board") ordering the Department of Justice ("Agency") to install Mr. Tully in the position of a Correctional Officer and to award him back pay. Tully v. Dep't of Justice, NY-3443-03-0191-I-6 (M.S.P.B. Apr. 25, 2007).  We dismiss for lack of jurisdiction.

DISCUSSION

I.

Beginning in 2000, Mr. Tully, a Correctional Officer in New York City, commenced filing with the Board various appeals under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). In these appeals, Mr. Tully alleged discrimination on the basis of his status as a uniformed service member. On July 10, 2000, Mr. Tully and the Agency settled the pending disputes, with Mr. Tully agreeing to resign his position. On August 29, 2000, Mr. Tully filed two applications for a Correctional Officer position in Brooklyn, New York, which the Agency failed to process. Eventually, Mr. Tully lodged an appeal with the Board, claiming that the Agency's failure to process his applications was in retaliation for his prior USERRA appeals.

Ultimately, a Board administrative judge ("AJ") rendered an initial decision holding that the Agency had retaliated against Mr. Tully in violation of USERRA. Tully v. Dep't of Justice, NY-3443-03-0191-I-6 (M.S.P.B. Mar. 21, 2007). The AJ ordered the Agency to appoint Mr. Tully to the position of Correctional Officer, effective August 22, 2002; to compute the amount of back pay to which he was entitled; and to pay him that amount. In due course, on April 25, 2007, the AJ's initial decision became the final decision of the board. As noted, it is from that decision that Mr. Tully appeals.

II.

On appeal, Mr. Tully essentially contends that the Board committed numerous legal errors in its failure to award him certain benefits to which he contends he is entitled under 38 U.S.C. § 4324(c)(3). Specifically, Mr. Tully apparently believes that he is

entitled to the following additional damages: (1) performance evaluation records from 2002 to the present; (2) lost overtime pay that would have been acquired from 2002 to the present; (3) interest on the Board's monetary awards[1]; (4) military, sick, and annual leave that would have been acquired from 2002 to the present; (5) "allowances and differentials" that would have been acquired from 2002 to the present; (6) award of federal law enforcement credentials that would have been earned from 2002 to the present; and (7) compensation in line with various settlements received by other Agency employees at the Brooklyn facility where Mr. Tully applied for a position. Additionally, Mr. Tully asserts various abuses of discretion on the part of the Board in failing to award certain benefits allegedly conferred by federal statutes. In that regard, he requests that we provide remedies "which this Court has never explicatively ordered to victims of USERRA discrimination but should," including, inter alia, issuing injunctions precluding future violations and requiring notification to all employees of their right to be free from unlawful discrimination.

The Agency counters that we lack jurisdiction over Mr. Tully's appeal. Specifically, the Agency asserts that we do not possess jurisdiction to enforce non-adverse decisions of the Board, thereby precluding our deciding the present case since Mr. Tully prevailed before the Board. Additionally, the Agency contends that Mr. Tully's case is not ripe for review, thereby removing his appeal from the ambit of jurisdiction available to federal courts under Article III of the United States Constitution. The Agency points out that Mr. Tully currently is petitioning the Board for enforcement of its final decision in this case and that the issues he is raising before us may ultimately be

---

[1] In fact, that the Board did order back pay with interest. See Tully, slip op. at 24.

addressed when the Board determines whether the Agency has complied with the Board's final decision.

### III.

We agree with the government that we lack jurisdiction in this matter. In a USERRA case, a party "adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board . . . may petition the United States Court of Appeals for the Federal Circuit to review the final order or decision." 38 U.S.C. § 4324(d)(1). In accordance with the doctrine of ripeness derived from Article III of the United States Constitution, we conclude that we lack jurisdiction inasmuch as the Board may ultimately provide the relief Mr. Tully seeks, thereby obviating the necessity of our reviewing the Board's final decision.

In Abbott Laboratories v. Gardener, 387 U.S. 136 (1967), overruled on other grounds by Califano v. Sanders, 430 U.S. 99 (1977), the Supreme Court articulated the standard applied to determining whether agency decisions are ripe for appellate review: the ripeness doctrine seeks "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties," id. at 148–49.

Mr. Tully has failed to demonstrate that he has suffered the injuries he alleges. Aside from the fact the he prevailed before the Board—so that it cannot be said that the Board's decision was adverse to him—Mr. Tully may petition the Board, which he is doing. The Board's order provided that Mr. Tully would receive "the appropriate amount

of back pay, with interest and [with benefits adjusted to reflect the] appropriate credits and deductions in accordance with Office of Personnel Management regulations." In adjudicating Mr. Tully's petition for enforcement, the Board will determine his precise level of entitlement to back pay, as well as any other benefits to which he may be entitled. In short, Mr. Tully has access to, and is pursuing, judicial recourse, as a result of which he may obtain the relief he desires. We lack jurisdiction to decide the issue of entitlement to such benefits prior to the Board's deciding that issue. We therefore must dismiss his appeal for lack of jurisdiction.

No costs.